**Opinion issued October 17, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00944-CV

————————————

**STEPHEN MCLEMORE, III, Appellant**

**V.**

**PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY, Appellee**

---

**On Appeal from the 55th District Court**
**Harris County, Texas**
**Trial Court Case No. 2012-10964**

---

## MEMORANDUM OPINION

This is an attempted appeal from a default judgment signed August 3, 2012.

No motion for new trial was filed. Appellant, Stephen McLemore, filed his notice

of appeal on October 3, 2012.

If no timely motion for new trial is filed, the notice of appeal is due within 30 days after the judgment is signed. TEX. R. APP. P. 26.1. In a restricted appeal, however, the notice of appeal must be filed within six months after the judgment is signed. TEX. R. APP. P. 26.1(c). A restricted appeal is available to a party who did not participate, either in person or through counsel, in the hearing that resulted in the judgment complained of and who did not timely file a postjudgment motion or request for findings of fact and conclusions of law. TEX. R. APP. P. 30.

Appellant's notice of appeal does not comply with the requirements for proceeding as a restricted appeal. *See* TEX. R. APP. P. 25.1(d)(7). Specifically, the notice (1) does not "state that the appellant is a party affected by the trial court's judgment but did not participate—either in person or through counsel—in the hearing that resulted in the judgment complained of," (2) does not "state that the appellant did not timely file either a postjudgment motion, request for findings of fact and conclusions of law, or notice of appeal," and (3) is not verified by appellant. *Id.*

On July 19, 2013, this Court notified appellant of his failure to comply with Texas Rule of Appellate Procedure 25.1 and instructed appellant to file an amended notice of appeal within 10 days of the date of the notice. *See* TEX. R. APP. P. 25.1(g). Appellant was also notified that failure to file an amended notice

2

of appeal would result in dismissal of his appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a). Appellant did not file an amended notice of appeal.

Additionally, appellant has neither paid the required fees nor established indigence for purposes of appellate costs. *See* TEX. R. APP. P. 5, 20.1; *see also* TEX. GOV'T CODE ANN. §§ 51.207, 51.941(a), 101.041 (West 2013); Order Regarding Fees Charged in Civil Cases in the Supreme Court and the Courts of Appeals and Before the Judicial Panel on Multidistrict Litigation, Misc. Docket No. 07-9138 (Tex. Aug. 28, 2007), *reprinted in* TEX. R. APP. P. app. A § B(1). After being notified on May 3, 2013 that this appeal was subject to dismissal, appellant did not respond. *See* TEX. R. APP. P. 5; 42.3(c).

Accordingly, we dismiss the appeal for want of jurisdiction and for nonpayment of all required fees. We dismiss all other pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Higley, and Massengale.

3